



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TORCH, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0236 |
| GREGORY SUTHERLAND, ET AL. | * | SECTION "N" |

**ORDER AND REASONS**

Before the Court is defendant Gregory Sutherland's Motion to Dismiss. For the reasons set forth below, Sutherland's Motion to Dismiss is DENIED, however, the Court orders this action STAYED pending resolution of the underlying state court action.

BACKGROUND

This case arises out of an underlying state court suit filed in the 25th Judicial District Court for the Parish of Plaquemines on September 21, 1999. In state court, Sutherland, an offshore diver, sued Professional Divers of New Orleans ("PDNO"), claiming that during his employment with PDNO, on or around June 7, 1999, he sustained decompression illness, otherwise known as the "Bends," and seeking maintenance and cure as well as compensatory damages. On January 10, 2000, Torch, Inc. ("Torch") intervened in Sutherland's state court action. Torch had hired Sutherland as a diver on July 15, 1999. During his employment with Torch, Sutherland received maintenance and



DATE OF ENTRY
MAY 2 6 2000

cure benefits and salary advances from Torch, for which Torch seeks reimbursement from PDNO.

While still employed by Torch, after a period of time, Sutherland's maintenance and cure payments ceased. Sutherland's attorney made a written demand for continuation of maintenance and cure benefits from Torch on January 20, 2000. Sutherland's demand letter contained the following statement: "if you have not confirmed, in writing [within four days] that [the maintenance and cure] benefits have been reinstated, you leave us no alternative but to make Torch a direct defendant in this litigation . . .." On January 25, 2000, Torch replied to Sutherland's demand in writing, stating "The reason your client is not receiving maintenance and cure is because you have failed to file a motion for summary judgment against PDNO." On January 31, 2000, Sutherland amended his state court petition, adding Torch as a direct defendant. Torch filed suit in this Court on January 25, 2000, seeking declaratory relief or alternatively, limitation of liability.[1] Sutherland now seeks to dismiss Torch's complaint.

## LAW AND ANALYSIS

Torch brings its claims before this Court under the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201, which provides that the Court "upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration. . ." Id. §2201(a) (emphasis added). The Court is not required to exercise its jurisdiction over declaratory judgment actions; rather, Section 2201(a) "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven

---

[1] Torch named originally three defendants: Sutherland, PDNO and Epic Divers, Inc. ("Epic"). On March 14, 2000, Torch filed a voluntary Motion to Dismiss any and all claims against Epic. Thus, at this time, the only defendants to this action are Sutherland and PDNO. The Court notes, however, that as of May 3, 2000, service had not been made on PDNO.

Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 2142, 132 L. Ed. 2d 214 (1995); see also Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc., 149 F.3d 371, 372 (5th Cir. 1998). In other words, the Act "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." Wilton, 515 U.S. at 288, 115 S. Ct. at 2143.

While federal courts are normally obliged to adjudicate claims within their jurisdiction, in the context of a declaratory judgment action, "their jurisdiction yields to considerations of practicality and wise judicial administration." Id.; see also Agora, 149 F.3d at 372. As the Supreme Court stated in Wilton, "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." Wilton, 515 U.S. at 288, 115 S. Ct. 2143. This Court is therefore not obliged to exercise its jurisdiction, but may dismiss Torch's action for a declaratory judgment. The Court notes, however, that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Id. at 288 n.2, 115 S. Ct. 2143 n.2.

Where a state court suit is pending in which the same issues are presented, not governed by federal law, and the suit is between the same parties, the Supreme Court has held it would be "uneconomical as well as vexatious for the federal court to proceed." Id. at 282, 115 S. Ct. at 2140 (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495, 62 S. Ct. 1173, 1175-76, 86 L. Ed. 1620 (1942)). Courts reason that the grant of a dismissal or stay avoids the delay and expenses which result from duplicative proceedings and forum shopping by the parties. Thus, the issue before the Court is "whether the questions in controversy between the parties to the federal suit, and which

are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in state court." Wilton, 515 U.S. at 282, 115 S. Ct. 2140 (quoting Brillhart, 316 U.S. at 495, 62 S. Ct. 1176).

Although the Court may not dismiss a claim for declaratory relief on the basis of whim or personal disinclination, consideration of the following non-exclusive factors may support dismissal or stay of the claim: (1) whether there is a pending state court action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in federal court in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the claim to federal court; (4) whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the suit in federal court would serve the purpose of judicial economy. See Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc., 996 F.2d 774, 778 (5th Cir. 1993).

In the case at hand, Sutherland argues that the factors set forth in Travelers support abstention. First, Sutherland asserts that the pending state court action involves the same parties and that all matters of the declaratory judgment action can be resolved in the state suit. Sutherland points out that Torch, itself, voluntarily intervened in the state court action and became a party on its own accord. Sutherland further asserts that the correspondence between the parties clearly shows the Court that Torch's complaint was filed in anticipation of Sutherland naming Torch as a direct defendant in the state court action. Sutherland also argues that Torch's actions constitute forum shopping. Sutherland further asserts that there are inequities, for example, potential inconsistent judgments, in allowing the declaratory judgment action to move forward. Sutherland states plainly

that this Court is no more a convenient forum that the 25th Judicial District Court for the Parish of Plaquemines. Finally, Sutherland contends that judicial economy will best be served by dismissal of the declaratory judgment action.

In opposition, Torch argues that consideration of the relevant factors supports this Court's exercise of jurisdiction over the declaratory judgment claim and militates against dismissal of the action in federal court. First, while admitting that there is a pending state court action, Torch asserts that the existence of a pending state action is not dispositive. Torch maintains that there existed no parallel state court proceeding at the time its complaint was filed, and further, that even with the existence of Sutherland's amended petition in state court, this Court's exercise of jurisdiction will allow a "swift determination" of the maintenance and cure issues. As to the second factor, Torch does not deny that its complaint was filed in anticipation of Sutherland's direct demand against Torch in state court. Next, Torch addresses the issue of forum shopping, and claims simply that its decision to file a claim in federal court was not a forum shopping exercise. Torch also asserts that there are no inequities in exercising jurisdiction. Torch does not address whether the federal court is a more convenient forum for all parties, but does assert that exercise of jurisdiction will promote judicial economy, especially in light of Torch's limitation of liability claim. Finally, Torch argues that stay of the action should be considered as an alternative to dismissal.[2]

The Court addresses the facts of this case in light of the <u>Travelers</u> factors and the goals of the Declaratory Judgment Act in finding that the claim for declaratory relief should be stayed until resolution of the state court suit. Staying the action will allow the parties to reopen the case without

---

[2]Torch advised this Court in February, 2000, that it was preparing an amended Complaint that would include "'traditional' limitation pleadings," however as of this date, no such amended complaint has been filed.

the risk of a time bar, should the state court fail to decide all issues in controversy, or to resolve Torch's claim for limitation of liability, while preserving Sutherland's rights under the Savings to Suitors Clause. Otherwise, both parties will be forced to litigate the federal claim while also litigating the state court action. As to the first factor, here, there is a pending state court proceeding to which both plaintiff and defendants Sutherland and PDNO are parties. The state court action involves issues of liability on PDNO's and Torch's part, and thus provides an opportunity for resolution of all claims surrounding the underlying liability issues. It is clear from the pleadings that the state court action will determine which entity is responsible for Sutherland's maintenance and cure, if any. Second, the record indicates to this Court that Torch likely filed it's complaint here in anticipation of a direct demand by Sutherland in state court, and therefore in anticipation of being joined as a defendant in state court. The documents before the Court reveal that Torch was aware of the likelihood of a direct demand when it filed the present suit. The anticipation factor thus supports abstention. Moreover, it appears that Torch has engaged in forum shopping, a disfavored activity, as plaintiff seeks the res judicata effect of a ruling by this Court to the procedural disadvantage of Sutherland. Such actions cannot be condoned. See Travelers, 996 F.2d at 776 n.7.

As to the fourth factor, the potential inequities in allowing Torch to gain precedence in time are not apparent, however the effect of a decision in this Court could potentially disrupt settlement negotiations surrounding the state court suit, and would certainly impact the state court proceeding. As to the convenience of the federal forum, neither party has argued that the federal court is necessarily more convenient than the state forum. Finally, the Court finds that judicial economy will be best served if all claims are heard in a single proceeding. The state court will address issues similar, if not identical, to those raised by Torch in this declaratory action. It would thus not be

economical for this Court to render a decision duplicative in nature, and to force both parties to litigate in two different forums at the same time. Furthermore, the present suit has not progressed beyond the original pleading stage. Because the purpose of the Act is not served by piecemeal adjudication of claims, the Court declines to exercise jurisdiction over Torch's declaratory judgment action. Rather than dismiss the present suit, the Court find that stay of the proceedings until resolution of the state court action is the appropriate action to take. Such action will allow Sutherland to litigate his claims against PDNO and Torch in the forum of his choice before returning to the district court for resolution of the limitation of liability proceeding.

Accordingly,

IT IS ORDERED that defendant Sutherland's Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that this action is STAYED pending resolution of the underlying state court action.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this action closed for statistical purposes.

IT IS FURTHER ORDERED that the case shall be restored to the trial docket upon motion of plaintiff or defendants if circumstances change.

New Orleans, Louisiana, this 25 day of May, 2000

                                      EDITH BROWN CLEMENT
                                      UNITED STATES DISTRICT JUDGE